**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION**

**WUANERGE ALBERTO-ALVARENGA,**              CASE NO. 3:25 CV 2644

    Petitioner,

    v.                                                    JUDGE JAMES R. KNEPP II

**RICHARD A. AUMILLE, et al.,**

    Respondents.                              **ORDER**


Petitioner Wuanerge Alberto-Alvarenga ("Petitioner"), an immigration detainee presently in federal custody, filed a Petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). This case was referred to Magistrate Judge Jonathan D. Greenberg for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). After Judge Greenberg issued the R&R, the Sixth Circuit determined individuals such as Petitioner who resided within the United States at the time of their arrest were not "seeking admission" under the Immigration and Nationality Act.[1] *See Lopez-Campos*, --- F.4th ---, 2026 WL 1283891, at *8–11 (6th Cir. 2026) (explaining where a Petitioner is not "seeking admission or lawful entry into the United states, § 1225(b)(2)(A)'s mandatory detention scheme does not apply . . . Petitioners could have only been detained pursuant to § 1226").

However, where, as here, Petitioner is subject to an order of removal affirmed by the Board of Immigration Appeals ("BIA"), Petitioner's detention is governed by § 1231 of the INA. *See* 8

---

[1]. Hereinafter "INA." The INA is codified at 8 U.S.C. §§ 1101–1537. For simplicity's sake, the Court uses INA to refer to the entirety of Chapter 12 of Title 8 of the United States Code and does not distinguish between those portions of Chapter 12 adopted through the INA, the Illegal Immigration Reform and Immigrant Responsibility Act, and the Laken Riley Act.

U.S.C. 1231(a)(1)–(2) (explaining during the statutory "removal period," which runs for 90 days after the date the removal order "becomes administratively final," the "Attorney General shall detain the alien"). After this 90-day removal period expires, the Attorney General may continue to detain aliens such as Petitioner who are "inadmissible under [§] 1182" of the INA.

As a result, Petitioner's claim for relief under § 2241 is now moot, as he is presently subject to mandatory detention pursuant to § 1231 of the INA rather than § 1226(a) or § 1225(b). *See* Doc. 31, at 9–10 (providing a copy of the BIA decision filed May 6, 2026, dismissing Petitioner's appeal of his removal order); Doc. 32-1 (same). Further, any remaining due process claim Petitioner may assert would arise only when his deportation is not "reasonably foreseeable" after the 90-day removal period expires. *See Zadvydas v. Davis*, 533 U.S 678, 701 (2001).

For the foregoing reasons, good cause appearing, it is

ORDERED that the Petition (Doc. 1) be, and the same hereby is, DENIED AS MOOT as set forth herein, and it is

FURTHER ORDERED that Petitioner's *Ex Parte* Emergency Motion to Preserve Jurisdiction (Doc. 31) be, and the same hereby is, DENIED AS MOOT.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: May 21, 2026